**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erica Williams, | No. CV-23-01076-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, | |
| Defendant. | |

In this action, Erica Williams ("Plaintiff") alleges that Experian Information Solutions, Inc. ("Defendant") violated the Fair Credit Reporting Act ("FCRA") by falsely stating, in a credit report produced to non-party Capital One, that Plaintiff was deceased. (Doc. 1.) Defendant has, in turn, moved to compel arbitration. (Doc. 18.) That motion is fully briefed (Docs. 19, 23) and will be resolved in due course.

Defendant has also filed a motion to stay discovery pending the resolution of its motion to compel arbitration. (Doc. 30.) That motion recently became fully briefed. (Docs. 32, 33.) Although both sides requested oral argument, the Court concludes that oral argument is unnecessary. *See* LRCiv 7.2(f). For the following reasons, Defendant's stay request is granted.

### RELEVANT BACKGROUND

On June 12, 2023, Plaintiff initiated this action by filing the complaint. (Doc. 1.)

On August 1, 2023, Defendant filed its answer. (Doc. 10.) One of the affirmative defenses raised in the answer is that "Plaintiff's claims are subject to arbitration pursuant

1    to a valid and binding arbitration agreement. [Defendant] specifically reserves, and does
2    not waive the right to compel arbitration of any claims asserted by Plaintiff." (*Id.* at 16.)

3    On August 23, 2023, Plaintiff served her first set of requests for production, first set
4    of requests for admission, and first set of interrogatories on Defendant. (Doc. 15 [notice
5    of service].)

6    On August 31, 2023, the parties filed the Rule 26(f) report. (Doc. 12.) In the report,
7    Defendant stated that it was "currently evaluating whether this case is suitable for
8    arbitration under a valid and binding arbitration agreement" but also provided an extensive
9    discussion of the anticipated discovery process. (*Id.* at 6-9.)

10   On September 26, 2023, the parties stipulated to the entry of a protective order.
11   (Doc. 16.) The stipulation explained that "[t]he Parties are currently engaged in discovery,
12   and much of the information expected to be produced in this case contain[s] confidential
13   financial credit information concerning Plaintiff and confidential proprietary information
14   concerning Defendant's internal policies and procedures. The Parties stipulate that this
15   information, while otherwise discoverable, is subject to protection and confidentiality."
16   (*Id.* at 1.)

17   On December 18, 2023, Defendant moved to compel arbitration. (Doc. 18.)

18   On January 2, 2024, Plaintiff filed an opposition to the motion to compel arbitration.
19   (Doc. 19.)

20   On January 5, 2024, after having requested and received several extensions of the
21   response deadline, Defendant served its responses to the written discovery requests
22   Plaintiff had served on August 23, 2023. (Doc. 28 at 1-3 [joint summary of discovery
23   dispute].) Defendant did not produce any documents and raised several objections,
24   including that "any discovery before the Court's ruling on [the motion to compel
25   arbitration] is premature and improper." (*Id.* at 3.)

26   On January 9, 2024, Defendant filed a reply in support of its motion to compel
27   arbitration. (Doc. 23.)

28   On February 5, 2024, the parties informed the Court of an unresolved dispute over

Defendant's objections to Plaintiff's written discovery requests. (Doc. 28.)

On February 7, 2024, Defendant filed the pending stay request. (Doc. 30.)

That same day, the Court held a discovery dispute hearing. (Doc. 31.) On the one hand, the Court held that Defendant could not unilaterally refuse to comply with pending discovery requests on arbitration-related grounds, because the appropriate way to resist discovery on that basis is to seek a judicial stay order (and Defendant's request for such an order was not yet ripe). On the other hand, because Defendant had raised additional grounds for objecting to Plaintiff's discovery requests and the parties had not yet met and conferred regarding those objections, the Court held that any request to compel discovery was premature and ordered the parties to continue meeting and conferring.

On February 13, 2024, Plaintiff filed an opposition to Defendant's stay request. (Doc. 32.)

On February 14, 2024, Defendant filed a reply. (Doc. 33.)

**DISCUSSION**

I.  Legal Standard

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming the district court's entry of a "protective order . . . which barred Wenger from conducting additional discovery pending resolution of the Guard's motion to dismiss"). However, "the Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, *6 (E.D. Cal. 2011). *See also Espinoza v. Trans Union LLC*, 2023 WL 3994846 (D. Ariz. 2023) (denying request for stay of discovery pending resolution of Rule 12(b)(6) motion and discussing the disfavored nature of such requests).

"The Ninth Circuit has not set forth a clear standard for district courts to apply in this situation. Most federal district courts . . . apply a two-part test under which it is

appropriate to stay discovery if (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed and (2) the pending, potentially dispositive motion can be decided absent additional discovery. Discovery should proceed if either prong of the test is not met. This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively reviewing the merits." *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, *1 (C.D. Cal. 2024) (cleaned up). *See also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (where "Scottrade filed a motion to compel arbitration in accordance with its written arbitration agreement with Bufkin" and "[t]he magistrate judge took a 'preliminary peek' at the motion[] and determined that [it was] likely meritorious and dispositive of the case," "the magistrate judge appropriately stayed discovery until [that motion] could be decided").

II.  The Parties' Arguments

Defendant argues that a stay is warranted under the two-part test discussed above. (Doc. 30.) As for the first inquiry, Defendant argues that courts have routinely characterized motions to compel arbitration as potentially dispositive and contends that a "preliminary peek" at its motion to compel reveals a reasonable likelihood of success "given that Courts in this Circuit have previously granted [its] motions to compel arbitration under the *same* agreement." (*Id.* at 3-6.) As for the second inquiry, Defendant argues that its pending motion to compel can be decided without further discovery. (*Id.* at 4-5.) Finally, Defendant contends that it would be prejudiced by the denial of a stay, because without a stay "the advantages of arbitration—speed and economy—are lost forever"; that the reasoning of the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), which requires an automatic stay when a party appeals the denial of a motion to compel arbitration, "applies with equal if not greater force here, where the Court has not yet even decided [its] motion, and where courts across the country have consistently ruled in [its] favor on indistinguishable facts"; that Plaintiff would not suffer any prejudice from a stay; and that a stay would "promote the interests of justice and efficiency." (*Id.* at 6-9.)

Plaintiff opposes the stay request. (Doc. 32.) First, Plaintiff argues that because Defendant's motion to compel is "facially unmeritorious" in light of Defendant's reliance on "a wholly insufficient declaration, signed by a serial 'affiant-for-hire' employed by one of [Defendant's] sister-companies, which sets forth statements of which the declarant cannot possibly have personal knowledge," it follows that the motion "fails the 'preliminary peek' test." (*Id.* at 6-8.) Second, and for related reasons, Plaintiff argues that because "[t]he declaration filed by [Defendant] in support of its Motion to Compel is glaringly deficient, to the point of complete inadmissibility in federal court," it follows that the motion to compel "cannot be decided without further discovery." (*Id.* at 9.) Third, Plaintiff argues that the stay request also fails because she would suffer "*per se* prejudice" from a stay of any duration (as "[t]he longer Plaintiff must wait to conduct necessary discovery, the more likely it becomes that important memories fade, witnesses become difficult to locate, and essential documents are lost"), whereas Defendant would not suffer "significant and/or irreversible prejudice" from participation in the discovery process, and the orderly and efficient course of justice would be promoted by allowing discovery to continue. (*Id.* at 10-12.)

In reply, Defendant reiterates its arguments as to why it will suffer prejudice in the absence of a stay (Doc. 33 at 2-4); argues that allowing discovery to continue will result in inefficiency and unfairness because the scope of discovery in the arbitral forum will be significantly more restrictive than the scope of discovery here (*id.* at 4-5); argues that the many prior decisions upholding enforcement of the same arbitration agreement at issue here demonstrate why the "preliminary peek" test is satisfied (*id.* at 5-7); and contends that no further discovery is required to resolve the pending motion to compel because "Plaintiff's objections to [the] declaration amount to nothing more than a challenge to the sufficiency of the evidence provided by [Defendant] in support of its motion to compel arbitration. This is a purely legal issue for the Court to resolve—i.e. whether [Defendant], in moving to compel arbitration, met its burden of proof on contract formation. No additional discovery is required to resolve this issue." (*Id.* at 7-11, footnote omitted).

III. <u>Analysis</u>

The Court agrees with Defendant that a stay is warranted here. As an initial matter, both sides seem to agree—and, at any rate, the Court concludes—that a motion to compel arbitration is the sort of "dispositive" motion that may justify a stay of discovery. *See also Ferrell*, 2024 WL 132223 at *1 ("A stay is warranted under the two-part test discussed above. First, EDC's motion to compel arbitration is potentially dispositive in effect."). Indeed, under the logic of *Coinbase*, the case for staying discovery is particularly strong when the underlying dispositive motion on which the stay request is premised is a motion to compel arbitration. If, per *Coinbase*, a party that *fails* in its attempt to compel arbitration is still entitled to an automatic stay of the district court proceedings (including discovery) while pursuing an appeal of the denial of its compulsion request,[1] it follows that a stay of discovery may also be warranted while a motion to compel arbitration is pending (and has not yet been deemed a loser).

Much of the parties' dispute centers on whether Defendant will ultimately prevail on its motion to compel arbitration. Having taken the so-called "preliminary peek," the Court agrees with Defendant that the motion has enough potential merit to suffice. Although Plaintiff has raised non-frivolous objections to the admissibility and sufficiency of Defendant's evidence of contract formation, *see Austin v. Equifax Info. Servs., LLC*, 2023 WL 8646275 (E.D. Va. 2023), the Court cannot ignore that many courts, including the Ninth Circuit, have granted requests by Defendant to compel arbitration under what appears to be the same agreement. *See, e.g., Meeks v. Experian Info. Servs., Inc.*, 2022 WL 17958634 (9th Cir. 2022); *Arciniega v. Experian Info. Sols., Inc.*, 2023 WL 6803084 (D. Ariz. 2023). The Court also notes that, as Defendant emphasizes in its reply, "Plaintiff's declaration attesting that she was 'unaware,' 'did not see,' or does not 'recall'" assenting to the arbitration agreement is not the same thing as "an unequivocal denial," particularly

---

[1] *Coinbase*, 599 U.S. at 738 ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal. The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings.") (citation omitted).

where Plaintiff otherwise "declares that, in 2017 . . . she enrolled in an 'an online Experian account . . . for the purposes of monitoring [her] Experian credit report.'" (Doc. 33 at 9-10, citing Doc. 19-1.) Thus, without definitively prejudging how it will rule on the motion to compel arbitration, the Court concludes that Defendant has made a sufficiently strong showing pursuant to the preliminary peek test. *See generally Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) ("The parties dispute the proper standard in conducting this [preliminary peek] analysis; in particular, they dispute just how likely the success of the dispositive motion must be to warrant staying discovery. Plaintiff argues that the Court should only stay discovery where it is convinced that the Plaintiff will be unable to state a claim, while Defendants argue for a much lesser showing that there is some degree of foundation in law for the dispositive motion and 'a possibility' that Defendants may prevail. The Court agrees with Plaintiff.") (citations omitted).

The Court also agrees with Defendant that the second part of the stay test is satisfied. The motion to compel arbitration is already fully briefed and Plaintiff notably did not argue, in her opposition to that motion, that she needed to engage in further discovery before responding—instead, she urged the Court to deny the motion due to the insufficiency of Defendant's proffered evidence. (Doc. 19 at 3 ["Experian has filed a boilerplate motion . . . supported only by a conclusory declaration from an operations director employed at Experian's sister-company. On that paltry record, Experian seeks to force Plaintiff to forego this legal action and pursue the same in a private, for-profit arbitration venue. On a purely evidentiary basis, Experian cannot establish the formation of an arbitration contract under applicable state law. . . . Because [the motion] lacks [evidentiary] support and as Plaintiff denies ever having agreed to arbitrate her claims raised in this case, Experian's Motion should be denied."].)[2] Courts have concluded that a stay of discovery

---

[2] Plaintiff belatedly asserts, in her response to the stay request, that "Experian's Motion to Compel . . . cannot be decided without additional discovery." (Doc. 32 at 6.) But as noted, Plaintiff did not make that argument in her response to the motion to compel. Additionally, Plaintiff's belated explanation as to why additional discovery is needed— "Experian's Motion to Compel cannot possibly be granted without additional discovery . . . [because the] declaration filed by Experian in support of its Motion to Compel is glaringly deficient, to the point of complete inadmissibility in federal court" (Doc. 32 at 9)—is not actually a request for more discovery, but rather a reiteration of her earlier

- 7 -

is warranted under these circumstances. *Ferrell*, 2024 WL 132223 at *2 ("EDC's motion to compel arbitration can be decided absent additional discovery. . . . Ferrell argues further discovery is required on the ground that EDC's evidence in support of its motion to compel arbitration is inadmissible and insufficient. But those questions go to the merits of the underlying motion, not whether additional discovery is required to decide it. Moreover, Ferrell has already filed her opposition to the underlying motion, so it is not clear what purpose limited discovery would serve.").

Finally, the Court is unpersuaded by Plaintiff's arguments regarding prejudice and the orderly and efficient course of justice. Even though Defendant's litigation conduct in this case—seeming to agree to the permissibility of discovery during the Rule 26(f) process, stipulating to the entry of a protective order to govern the discovery process, and waiting nearly six months after case initiation to move to compel arbitration—is somewhat difficult to reconcile with Defendant's contention that it "will suffer significant and irreversible prejudice if it is required to participate in discovery while its Arbitration Motion is still being litigated" (Doc. 30 at 6-7), the logic of *Coinbase* suggests that a pending motion to compel arbitration qualifies as a particularly strong basis for ordering a temporary stay of discovery, at least where (as here) the underlying motion satisfies the preliminary peek test and invokes an arbitration agreement that has been repeatedly found enforceable by other courts.

Accordingly,

**IT IS ORDERED** that Defendant's motion (Doc. 30) is **granted**. Discovery in this matter is stayed pending the resolution of Defendant's motion to compel arbitration.

Dated this 23rd day of February, 2024.

Dominic W. Lanza
United States District Judge

---

position that the motion to compel should be denied due to evidentiary insufficiency.

- 8 -